IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

NORFOLK SOUTHERN RAILWAY §
COMPANY §
 §
    Plaintiff, §
 § Civil Action No. 3:17-CV-1951-D
VS. §
 §
ASPHALT SUPPLY ATLANTA, §
LLC, et al., §
 §
    Defendants. §

MEMORANDUM OPINION
AND ORDER

  Defendants Asphalt Supply Atlanta, LLC and Asphalt Refining and Technology Company, LLC move for leave to file a counterclaim. The court grants the motion.[*]

  Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend a pleading] when justice so requires." And when, as here, a motion for leave to amend is filed before the deadline in the scheduling order for filing such a motion, the court applies a "presumption of timeliness." *Poly-Am., Inc. v. Serrot Int'l Inc.*, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002) (Fitzwater, J.).

  Plaintiff Norfolk Southern Railway Company maintains that the court should deny the motion based on futility. It posits that the proposed counterclaim could not survive a motion

---

[*]Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

to dismiss because it fails to state a claim on which relief can be granted, is time-barred, and the court lacks jurisdiction to consider it. But this court's

> almost unvarying practice when futility is raised is to address the merits of the claim or defense in the context of a Rule 12(b)(6) or Rule 56 motion. The court only infrequently considers the merits of new causes of action in the context of Rule 15(a). The court prefers instead to do so in the context of a Rule 12(b)(6) or Rule 56 motion, where the procedural safeguards are surer.

*Reneker v. Offill*, 2011 WL 1427661, at *1 (N.D. Tex. Apr. 13, 2011) (Fitzwater, C.J.) (citation omitted).

Accordingly, defendants' motion for leave to file counterclaim is granted, and the clerk of court is directed to file the counterclaim today.

**SO ORDERED**.

May 2, 2018.

                                             _____
                                             SIDNEY A. FITZWATER
                                             UNITED STATES DISTRICT JUDGE