IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| NORFOLK SOUTHERN RAILWAY COMPANY, | § § § § | |
| Plaintiff-counterdefendant, | § § | Civil Action No. 3:17-CV-1951-D |
| VS. | § § | |
| ASPHALT SUPPLY ATLANTA, LLC, and ASPHALT REFINING AND TECHNOLOGY COMPANY, LLC, | § § § § | |
| Defendants-counterplaintiffs-third-party plaintiffs, | § § § | |
| VS. | § § | |
| LION OIL COMPANY, | § § | |
| Third-party defendant. | § | |

MEMORANDUM OPINION
AND ORDER

In this action arising under the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C. § 10101 *et seq.*,[1] plaintiff-counterdefendant Norfolk Southern Railway Company ("Norfolk Southern") moves under Fed. R. Civ. P. 12(b)(1) and (6) to dismiss the counterclaim for overcharges of demurrage fees asserted by defendants-counterplaintiffs-third-party plaintiffs Asphalt Supply Atlanta, LLC ("ASA") and Asphalt Refining and Technology Company, LLC ("ARTC"). For the following reasons, the court denies the Rule 12(b)(1) motion, and it grants in part and denies in part the Rule 12(b)(6)

---

[1]The parties cite this statute as the "Interstate Commerce Act."

motion.

I

Norfolk Southern, an interstate rail carrier, brings this action against ASA and ARTC, alleging that they failed to pay a July 2015 demurrage invoice and that they owe Norfolk Southern the sum of $180,920 for outstanding demurrage charges. ASA and ARTC have counterclaimed against Norfolk Southern for overcharges of demurrage fees. They allege that, on May 27, 2015, ASA timely paid Invoice 3132233046 ("Invoice 046") in the amount of $73,920; that, on June 26, 2015, ASA timely paid Invoice 0096080022 ("Invoice 022") in the amount of $29,240; that Invoice 046 contained charges for hazardous materials in the amount of approximately $46,700; that Invoice 022 contained charges for hazardous materials in the amount of $20,300; that ASA paid Norfolk Southern other demurrage charges pertaining to hazardous materials in invoices dated January 1, 2013 forward (the "Prior Invoices"); that the asphalt and asphalt-related materials contained in the rail cars that were the subject of Invoice 046, Invoice 022, and the Prior Invoices were improperly classified as hazardous materials during the dates that the charges were incurred; and that, based on the improper classification, Norfolk Southern overcharged ASA in amount equal to or in excess of $67,000, and ASA is now entitled to reimbursement in this amount.

Norfolk Southern moves under Rules 12(b)(1) and 12(b)(6) to dismiss the counterclaim. ASA and ARTC oppose the motion.

II

Norfolk Southern moves to dismiss under Rule 12(b)(1), contending that the court lacks subject matter jurisdiction over ASA and ARTC's counterclaim because the counterclaim does not arise under the same transaction or occurrence as does Norfolk Southern's affirmative claim and ASA and ARTC have failed to plead a viable independent basis for subject matter jurisdiction over the counterclaim. The court disagrees.

ASA and ARTC plead 28 U.S.C. § 1337 as the basis for jurisdiction,[2] asserting that their counterclaim arises under the ICCTA. *See* Countercl. ¶ 7. Although they do not cite a specific statutory provision in the counterclaim itself, ASA and ARTC allege that they have been overcharged demurrage fees. 49 U.S.C. § 11704(b) provides that "[a] rail carrier providing transportation subject to the jurisdiction of the [Surface Transportation Board ("Board")] under this part is liable to a person for amounts charged that exceed the applicable rate for the transportation." Section 11704(c) provides that "[a] person may file a complaint with the Board under section 11701(b) of this title *or bring a civil action under subsection (b) of this section* to enforce liability against a rail carrier providing transportation subject to the jurisdiction of the Board[.]" 49 U.S.C. § 11704(c) (emphasis added). To the extent

---

[2]ASA and ARTC also assert diversity jurisdiction under 28 U.S.C. § 1332. Because ASA and ARTC are both limited liability companies, to establish diversity jurisdiction, they must identify and properly allege the citizenship of all of their members. *See, e.g., Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam) ("To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company[.]"). Because they have failed to do so, the court cannot say that it has diversity jurisdiction.

ASA and ARTC are seeking to recover overcharges pursuant to § 11704, a federal statute, the court has subject matter jurisdiction over the counterclaim. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C. § 1337(a) ("The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce[.]"); *see also Pejepscot Indus. Park, Inc. v. Maine Cent. R.R. Co.*, 215 F.3d 195, 205 (1st Cir. 2000) (concluding that district court had subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1337(a) over claim brought pursuant to ICCTA, but that it should have stayed that claim while referring it to the Board under the doctrine of primary jurisdiction).

Accordingly, the court denies Norfolk Southern's Rule 12(b)(1) motion.

III

Norfolk Southern also moves to dismiss under Rule 12(b)(6) for failure to state a claim on which relief can be granted.

A

Under Rule 12(b)(6), the court evaluates the pleadings by "accept[ing] 'all well-pleaded facts as true, viewing them in the light most favorable to the [counterplaintiffs].'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive a motion to dismiss under Rule 12(b)(6), ASA and ARTC must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v.*

*Twombly*, 550 U. S. 544, 570 (2007). "A [counterclaim] has facial plausibility when the [counterplaintiff] pleads factual content that allows the court to draw the reasonable inference that the [counterdefendant] is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556); *see also Twombly*, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level[.]"). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (brackets omitted) (quoting Rule 8(a)(2)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citation omitted).

To obtain a Rule 12(b)(6) dismissal based on an affirmative defense, the "successful affirmative defense [must] appear[] clearly on the face of the pleadings." *Cochran v. Astrue*, 2011 WL 5604024, at *1 (N.D. Tex. Nov. 17, 2011) (Fitzwater, C.J.) (quoting *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.)). In other words, Norfolk Southern is not entitled to dismissal under Rule 12(b)(6) based on an affirmative defense unless ASA and ARTC have "pleaded [themselves] out of court by admitting to all of the elements of the defense." *Id.* (quoting *Sivertson*, 2011 WL 4100958, at *3).

B

1

Norfolk Southern contends that ARTC cannot assert a claim for overcharges on bills that ARTC did not actually receive or pay. Norfolk Southern maintains that the counterclaim does not allege that Norfolk Southern ever charged any hazardous-materials demurrage to ARTC or that ARTC ever paid any demurrage charges to Norfolk Southern; instead, the counterclaim alleges that all such charges were assessed to, and paid by, ASA. ASA and ARTC respond that a close reading of the complaint "reveals that nowhere does Plaintiff allege, in particular, whether it was ARTC or ASA that allegedly failed to pay demurrage charges. Rather, in both the Complaint and the Counterclaim, ARTC and ASA are collectively referred to as Defendants." Ds. Br. 3.

The counterclaim alleges, *inter alia*, that ASA paid Invoice 046 and Invoice 022 and that "ASA is entitled to, and claims, reimbursement from Norfolk Southern of the Hazardous Material Charges in an amount equal to or in excess of $67,000.00." Countercl. ¶ 17. ASA and ARTC do not plead that ARTC paid any invoice that contained improperly classified hazardous material charges, and there is no indication in the counterclaim that the term "ASA" is intended to refer to both ASA and ARTC. Accordingly, to the extent ARTC asserts the counterclaim for overcharges of demurrage fees, the court agrees that ARTC has failed to state a claim upon which relief can be granted. Accordingly, the court grants Norfolk Southern's motion to dismiss the counterclaim to the extent it is asserted by ARTC.

Norfolk Southern next contends that ASA and ARTC have failed to state a claim on which relief can be granted because they have not alleged, and cannot allege, that *Norfolk Southern* classified the subject freight as hazardous. According to Norfolk Southern:

> [i]f Defendants (or those on their behalf) represented that the freight being tendered to Norfolk Southern was hazardous when requesting rail transportation, and Norfolk Southern agreed to transport (and did transport) this freight as hazardous in exchange for an agreed higher price (which ASA paid) associated with the transportation of hazardous freight, Norfolk Southern cannot have overcharged ASA.

P. Br. 6-7. ASA and ARTC respond that what is relevant is whether the material in the tank cars in question was properly classified as hazardous or not hazardous at the time the demurrage charges were incurred, and that the determination of *that* issue will control whether the charges were properly assessed.

49 U.S.C. § 11704(b) prohibits a rail carrier from charging amounts that exceed the applicable rate for the transportation. ASA and ARTC have plausibly alleged that Norfolk Southern charged them amounts that exceeded the applicable rate for transportation because Norfolk Southern included hazardous material charges in certain invoices for freight that was improperly classified as hazardous. ASA and ARTC have not actually pleaded, as Norfolk Southern suggests in its motion to dismiss, that the improper hazardous material classification was the result of their *own* mistake or misrepresentation. And Norfolk

Southern has failed to point the court to any case, statute, or regulation[3] that would require ASA and ARTC to affirmatively allege at the pleading stage[4] that it was *Norfolk Southern* who improperly classified the freight as hazardous in order to be entitled to recovery of overcharges under § 11704.

Accordingly, the court denies this ground of Norfolk Southern's motion to dismiss.

C

The court now turns to Norfolk Southern's motion to dismiss based on the affirmative defense of limitations. Norfolk Southern maintains that ASA and ARTC's counterclaim is untimely under the 3-year statute of limitations, which commences upon delivery or tender of delivery by the rail carrier. *See* 49 U.S.C. § 11705(b) ("[a] person must begin a civil action to recover overcharges under section 11704(b) of this title within 3 years after the claim accrues."); 49 U.S.C. § 11705(g) ("A claim related to a shipment of property accrues under this section on delivery or tender of delivery by the rail carrier."). Norfolk Southern contends that although the two most recent demurrage invoices in the counterclaim have invoice dates of May and June 2015, "[t]he starting point for the statute of limitations is

---

[3]Norfolk Southern relies on 49 C.F.R. § 171.1(b) to argue that it is the duty of the *shipper*, not the rail carrier, to identify whether material to be shipped by rail is hazardous, and to mark and placard it as such for rail transportation. Although Norfolk Southern is correct that § 171.1(b) places on the shipper many of the burdens related to hazardous materials, it does not address who is liable under 49 U.S.C. § 11704(b)—the shipper or the rail carrier—when there is an overcharge related to hazardous materials.

[4]In denying Norfolk Southern's motion to dismiss, the court does not suggest that Norfolk Southern will be unable to prevail at the summary judgment stage or at trial based on the arguments set forth in its motion.

*delivery* of the railcars, and nowhere in their Counterclaim do Defendants state when *any* of the rail cars that form the basis of their overcharge claim were delivered." P. Br. 8.

Insofar as ASA and ARTC base their overcharges of demurrage fees counterclaim on "Prior Invoices" from January 1, 2013 onward, the court agrees that the claim is time-barred to the extent any "Prior Invoice" is for rail cars delivered before May 2, 2015. But for invoices with a delivery date *after* May 2, 2015, the claims are not time-barred. Because ASA and ARTC have not pleaded when the rail cars that are the subject of Invoice 022 or Invoice 046 were delivered, and because the court will not dismiss a claim based on an affirmative defense unless it appears on the face of the pleadings, the court denies Norfolk Southern's motion to dismiss, based on the statute of limitations, to the extent ASA and ARTC's counterclaim is based on Invoice 022, Invoice 046, or any other invoice for rail cars delivered *after* May 2, 2015.

* * *

Accordingly, for the reasons explained, Norfolk Southern's Rule 12(b)(1) motion to dismiss based on lack of subject matter jurisdiction is denied. Norfolk Southern's Rule 12(b)(6) motion to dismiss for failure to state a claim is granted in part and denied in part.

**SO ORDERED**.

October 4, 2018.

_____
SIDNEY A. FITZWATER
SENIOR JUDGE